UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| JONATHAN JOHNSON, *a/k/a* JONATHAN M. JOHNSON, | C/A No. 4:11-cv-2069-JFA-TER |
| Petitioner, | |
| vs. | **Report and Recommendation** |
| WARDEN OF BROAD RIVER CORRECTIONAL INSTITUTION, | |
| Respondent. | |

Petitioner, Jonathan Johnson (Petitioner/Johnson), is currently incarcerated at the Broad River Correctional Institution. Petitioner appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on August 9, 2011. Respondent filed a motion for summary judgment on November 23, 2011, along with a return, supporting memorandum and exhibits. The undersigned issued an order filed November 29, 2011, pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #24). Petitioner filed a response on January 20, 2012. (Doc. #27).

**PROCEDURAL HISTORY**

The procedural history as set forth by the Respondent in his memorandum has not been

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

disputed by the Petitioner. Therefore, the undersigned will set out the undisputed procedural history as set forth by the Respondent, in part.

Petitioner is presently confined in the Broad River Correctional Institution, of the South Carolina Department of Corrections (SCDC), as the result of his Orangeburg County murder conviction. The Petitioner was indicted for Kidnapping and Criminal Sexual Conduct, 1st Degree at the August 26, 2002 term of the Court of General Sessions for Orangeburg County. App.p. 624-627. ( A Notice of Intention to Seek a Sentence of Life Without Parole was dated April 14, 2003). Petitioner proceeded to a jury trial before the Honorable Edward B. Cottingham. He was represented by Carl Grant, Esq. ("Counsel") On May 22, 2003, Petitioner was convicted of Kidnapping but found not guilty of Criminal Sexual Conduct, 1st Degree. Petitioner was sentenced to life imprisonment.

A timely notice of appeal was filed. The Petitioner was initially represented by Aileen P. Clare of the South Carolina Office of Appellate Defense. On May 4, 2004, counsel Clare filed a Final <u>Anders</u> Brief of Appellant and request to be relieved as counsel raising as the sole arguable non-meritorious ground:

> In sentencing appellant, did the trial court unlawfully consider appellant's failure to present evidence?

App.p. 631-636. The South Carolina Court of Appeals dismissed the appeal by written order filed November 15, 2004. The Petitioner did not seek rehearing within 15 days before the Court of Appeals or certiorari to the South Carolina Supreme Court. The remittitur was issued on December 16, 2004.

Petitioner then filed an application for post conviction relief (PCR) on October 27, 2005, dated October 24, 2005 . App.p. 641-647. The Petitioner made an amended pro se application in

which he alleged :

>    1. Ineffective assistance of counsel.
>
>        a) "Failure to object to Circuit Court's abuse of discretion in denying Applicant's Motion for Directed Verdict"
>
>        b) "Failure to object to court's unlawful consideration of Applicant not testifying at trial."
>
>    2. "Prejudicial Inconsistent Verdict"

App.p. 650-659. The Respondents made a Return to the application on May 17, 2006. App.p. 660 - 665. An evidentiary hearing was convened on May 21, 2008, before the Honorable James C. Williams, Presiding Judge. App.p. 665-708. The Petitioner was present and represented by James B. Jackson, Jr., Esq. The Respondent was represented by Lance S. Boozer, Assistant Attorney General. Testimony was received from Petitioner and his trial counsel, Carl Grant. The application was dismissed by written order dated October 1, 2009, and filed October 6, 2009. App.p. 710-719.

The Petitioner made an appeal to the South Carolina Supreme Court. In the appeal, Petitioner was represented by Robert M. Pachak of the South Carolina Commission of Indigent Defense, Office of Appellate Defense. On March 8, 2010, Petitioner made a petition for writ of certiorari to the South Carolina Supreme Court pursuant to SCACR Rule 243 asserting:

>    1. Whether defense counsel was ineffective in failing to object to the solicitor's closing argument where she referenced petitioner's crack cocaine use and that he was a criminal?

Petition for Writ of Certiorari, p. 2. The Respondent, through Assistant Attorney General Mary Williams, made a Return to the Petition on June 23, 2010. On June 23, 2011, the South Carolina Supreme Court entered a letter order that the petition for writ of certiorari was denied. The remittitur was issued on July 11, 2011.

## GROUNDS FOR RELIEF

In his *pro se* Petition for Writ of Habeas Corpus, Petitioner raises the following ground:

GROUND ONE: Ineffective assistance of counsel failing to object to solicitors closing argument that I was on crack cocaine and a criminal.

SUPPORTING FACTS:

    A.    Counsel fail to object because of lack of awareness of the law. My [S]ixth amendment was violated because counsel in attention or lack of knowledge of the law led to this failure to object to misconduct while counsel strategy carried an inherent risk of some prejudice, that added risk did not dimish[sic] the far greater prejudice that resulted from counsel inexplicable silence as the prosecutor misused that same evidence for patently improper purposes.

(Petition).

## SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to

judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with . . . affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local

5

Rules 7.04, 7.05, D.S.C.

## STANDARD OF REVIEW

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the Supreme] Court's decisions but unreasonably applies that principle of law" to the facts of the case. Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (*citing* Williams v. Taylor, 529 U.S. 362, 413 (2000)). However, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." *Id.* "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004). Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

# DISCUSSION AS TO STATUTE OF LIMITATIONS

The Respondent asserts that the Petitioner's claims should be dismissed as untimely depending on the operative date from the date the South Carolina Supreme Court denied the petition for writ of certiorari in the PCR appeal. Specifically, Respondent asserts that if the operative date is the date the South Carolina Supreme Court denied the petition for writ of certiorari, the Petition is untimely as being one day late. However, Respondent asserts that if the operative date is the date the remittitur was issued by the South Carolina Supreme Court denying the petition for writ of certiorari, the petition is timely.

The applicable law is as follows: The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.[2] Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the <u>latest</u> of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the

---

[6] Prior to this amendment there was no statute of limitations. Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing. <u>Duarte v. Hershberger</u>, 947 F. Supp. 146, 148, n.2 (D.N.J. 1996).

7

> Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a "properly filed" application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added).

The undersigned finds Petitioner's federal habeas petition is timely. In Walker v. Ozmint, 2009 WL 250014, the court held:

> Notably, numerous cases within the District of South Carolina support the use of the date that a letter of remittitur is issued by the state appellate court as the date on which a post conviction relief proceeding becomes final in South Carolina. See Owens v. Hagan, 2007 WL 680335 (D.S.C.), Barfield v. Hagan, 2008 WL 4950655 (D.S.C.), Douglas v. Burtt, 2008 WL 3823871 (D.S.C.), Erwin v. South Carolina, 2008 WL 598130 (D.S.C.). However, the South Carolina opinions addressing the date on which a proceeding becomes final note that the "final disposition of a case occurs when the remittitur is returned by the clerk of the appellate court and filed in the lower court." Christy v. Christy, 317 S.C. 145, 151, 452 S.E.2d 1, 4 (Ct.App.1994) (emphasis added) (*citing* McDowell v. South Carolina Department of Social Services, 300 S.C. 24, 386 S.E.2d 280 (Ct.App.1989)). It does not appear that any court has explicitly addressed the issue of whether the date that a post conviction relief proceeding becomes final is the date that the appellate court issues the remittitur, or the date that the lower court files the remittitur. Furthermore, it does not appear to this Court that the date on which the remittitur in this case was filed in the lower court is available in the record of this proceeding. However, the date stamp on the letter of remittitur appears to indicate, though grainy, that the lower court

received the letter of remittitur on November 7, 2008, two days after the letter of remittitur was issued. Generally, under South Carolina procedure, when a petitioner files a direct appeal which results in the affirmation of conviction, the conviction becomes final upon the sending of the Remittitur by the appellate court and its receipt and filing by the Court of General Sessions.

Id.

In this case, whether the operative date is the date the remittitur was issued or the date the remittitur was received, the petition is timely.

## ANALYSIS

### Ineffective Assistance of Counsel

Petitioner raised ineffective assistance of trial counsel as the sole Ground in his habeas petition. As set forth previously, Petitioner argues the following:

> GROUND ONE: Ineffective assistance of counsel failing to object to solicitors closing argument that I was on crack cocaine and a criminal.

> SUPPORTING FACTS:
> Counsel fail to object because of lack of awareness of the law. My [S]ixth amendment was violated because counsel in attention or lack of knowledge of the law led to this failure to object to misconduct while counsel strategy carried an inherent risk of some prejudice, that added risk did not dimish[sic] the far greater prejudice that resulted from counsel inexplicable silence as the prosecutor misused that same evidence for patently improper purposes.

(Petition).

In his response to the motion for summary judgment, Petitioner states that the "solicitor's argument of crack cocaine permeated the trial, but was not directly related to the commission of the offenses charges, nor probative to petitioners conduct or state of mind with respect to the crimes for which he was on trial. Because of petitioner's alleged crack cocaine use was irrelevant to establish the crime at issue, it's only real function was to demonstrate petitioner's bad character and this highly prejudicial in light that petitioner did not testify or place his character at issue." (Response, doc. # 27, p. 4). Petitioner also asserts that he was "found guilty of kidnapping but was acquitted of CSC 1st. The physical evidence against petitioner was not strong and the last argument the jury heard was to accuse the petitioner of another crime for which he was not on trial for, thus prejudicing petitioner." (Id.)

When presented with an application for habeas relief, the first inquiry by the court is to determine whether the claim raised in the petition was "adjudicated on the merits" by the state court. 28 U.S.C.A. §2254(d). If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in §2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Id. § 2254(d)(1),(2); see Williams v. Taylor, 529 U.S. at 398. There is no challenge by the Respondent in this action that it was adjudicated on its merits.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771

10

n.14 (1970). In the case of Strickland, supra, the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) (quoting Strickland, reversed on other grounds, 476 U.S. 28 (1986)). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Strickland, at 694.

The court further held at page 695 that:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct . . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added.)

The PCR court found the following with respect to this issue:

Applicant alleges that counsel was ineffective for failing to object to the Solicitor's closing argument. Specifically, Applicant testified counsel failed to object to the Solicitor's comments regarding Applicant's crack use and reference as a criminal.

11

> Counsel indicated he normally does not object during closing arguments. Counsel further indicated he previously objected to the victim's testimony that the Applicant used crack and also asked for a curative instruction.
>
> This Court finds that the Applicant failed to carry his burden to show that trial counsel's representation fell below the standard of professional reasonableness for a criminal defense attorney in this regard. Strickland v. Washington; Cherry v. State. This allegation of ineffective assistance of counsel is denied.
>
> Even if Counsel's performance was deficient, this Court finds that the Applicant has failed to prove the second prong of the Strickland v. Washington test. The Applicant failed to show that there is a reasonable probability that but for Counsel's unprofessional errors, the result of the proceeding would have been different. Cherry v. State; Johnson v. State. Applicant failed to show that the result of the trial would have been different had counsel objected during the Solicitor's closing argument. This Court further finds that the trial court properly instructed the jury that the closing arguments were not to be considered evidence in the case. Therefore, the Applicant has failed to show prejudice and this allegation of ineffective assistance of counsel is denied.

(App. 713-714).

The PCR court's rejection of the ineffective assistance of counsel ground for relief was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; and did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); Williams, supra.

The following appears in the trial transcript:

Victim: I asked–something just didn't strike me right with–I asked him what was wrong with him, and he told me he was on crack. I did not put that, I did not tell them that in the report. . . .I didn't remember that at the time, but---

Trial Counsel: Your honor, I object. In fact, I have a matter of law to take up.

(The jury was sent to the jury room).

Trial Counsel:   Yes, sir. Your honor, first and foremost, we made a motion to the prosecution for any statements made by Mr. Johnson, and secondly, naturally, we have all of the statements that we thought were made by Ms. Harley here with regards to what happened that day. This is the first time we have ever heard the very, very prejudicial comment that Mr. Johnson was on crack cocaine. This strikes us by surprise, we were not on notice of it. It is very, very prejudicial. We know how society feels about crack cocaine. We never heard this before. We feel, as a matter of justice, and only to preserve justice in this case, considering the prejudicial nature of that comment, is to declare a mistrial, and we now move for a mistrial based upon that comment coming from her from the witness stand.

. . .

Court:   I will–I think that comment is relatively innocuous, I will give an appropriate charge on it when they come back. We're not involved in crack, he's not entitled–he's not being charged with crack cocaine. It's not an issue in this case, and I will give a curative instruction.

(App. 94-96).

When the jury returned, the trial judge gave the following curative instruction:

> . . . During the preceding testimony there was alleged, alleged reference to crack cocaine. Now, I tell you that this Defendant—to which he has pled not guilty, is being charged with the offense of kidnapping and criminal sexual conduct in the first degree. He is not being charged with any drug offense, including crack cocaine.

(App. 99).

13

In closing, the comment the Solicitor made in regard to this issue was as follows:

> . . . And remember, [victim] told you that Jonathan Johnson told her that he and Lilly were having problems. So, if they argued and then if he did use crack, like [victim] said he said, maybe all of that did set him into the rage [victim] described. Ladies and Gentlemen, who knows? The State is not required to explain why Jonathan Johnson did what he did. In today's world, as each of you know from your own life experiences, sometimes there are no explanations for why some people hurt other people. And unfortunately, our world does have bad people who are criminals, like Jonathan Johnson. . .

(App. 583).

Counsel objected to the comments by the victim that Petitioner was on crack cocaine and the trial judge found that the comment was "innocuous" because Petitioner was not charged with use of crack cocaine. The trial judge gave a curative instruction informing the jury that Petitioner was not being charged with any drug offense, including crack cocaine. (Tr. 94-99). "[W]ide latitude" is accorded counsel in making closing arguments so long as they do not infringe on a defendant's constitutional rights. Oken v. Corcoran, 220 F.3d 259, 269 (4th Cir. 2000)(prosecution's comments during closing arguments referring to defendant as a "monster," commenting on his demeanor during trial, noting that defendant "said some things through his attorney in opening that I wanted to address" and that defendant did not really dispute any state's evidence, and calling upon jury to make the personal sacrifice fo a soldier in war, were not reversible error because they did not improperly comment on defendant's failure to testify or infringe on his constitutional rights). Counsel stated after the closing remarks that he does not usually object and interrupt during opening or closing remarks. "Failing to object is often a tactical and wise decision made to avoid calling special attention to the remarks." Beal v. Setzer, 865 F.2d 1256 (Table) (4th Cir. 1989)( unpublished). Further, while it is clear that prosecutors cannot express their opinion about a

14

defendant's guilt or vouch for government witnesses, a prosecutor can voice doubt about the veracity of a defendant's story. (See United States v. Sarno, 73 F.3d 1470, 1496-97 (9th Cir. 1995); United States v. Molina, 934 F.2d 1440, 1444 (9th Cir. 1991).

Accordingly, the PCR court's findings that trial counsel did not commit error is not contrary to, nor an unreasonable application of clearly established federal law or involved an unreasonable determination of the facts in light of the State court proceeding.

Additionally, assuming attorney error, Petitioner asserts that the comments in the closing argument so infected the trial as to make it unfair. Thus, even if Petitioner was able to show that counsel's representation fell below an objective standard of reasonableness and he committed error, Petitioner must also show that, in the event of error, the court must consider whether the commission of an error resulted in prejudice to the Petitioner. Furthermore, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight . . . " Strickland, 466 U.S. at 689. A jury is presumed to follow the instructions given by the trial judge. Weeks v. Angelone, 528 U.S. 225, 234, 120 S.Ct. 727 (2000).

The trial judge in this case instructed the jury to go by their determination of the evidence and facts in the case not what the attorneys said in opening or closing. Counsel stated that he did not like to interrupt counsel during opening and closing remarks. Further, the victim testified that it was the Petitioner who attacked and sexually assaulted her, who threatened her life with a screw driver, and who refused to let her leave. There was also medical testimony with reference to an examination after the incident which showed bruising, lacerations, abrasions, and tears to the vagina and anus. There was testimony that as a result of a sexual assault examination, Petitioner's semen

15

was found in Petitioner's vagina.[3] Although Petitioner speculates that the outcome may have been different if his counsel had objected, he has produced no evidence to support his assertions, nor has it been shown that an objection by Counsel to the Solicitor's remarks in his closing argument would have affected the outcome in this case. Bradford v. Whitley, 953 F.2d 1008, 1012 (5th Cir.1989) [Speculation and conjecture does not satisfy the prejudice prong of Strickland].

Therefore, the state court's decision was not contrary to, nor an unreasonable application of, clearly established federal law or involved an unreasonable determination of the facts in light of the State court proceeding. Accordingly, it is recommended that the Respondent's motion for summary judgment be granted with regard to this issue.

## **CONCLUSION**

Based on the above reasoning, it is RECOMMENDED that Respondent's motion for summary judgment (docket entry #22) be GRANTED and the Petitioner's Petition for Writ of Habeas Corpus be denied, and the petition dismissed without an evidentiary hearing.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III

June 7, 2012
Florence, South Carolina

United States Magistrate Judge

**The parties' attention is directed to the important notice on the next page.**

---

[3] In closing, trial counsel stated that Petitioner was not denying that he had sex with the victim. Petitioner was arguing that it was consensual.