## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jonathan Johnson, | ) | C/A No. 4:11-2069-JFA-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Warden of Broad River Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The *pro se* petitioner, Jonathan Johnson, is an inmate with the South Carolina Department of Corrections. He brings this action pursuant to 28 U.S.C. § 2254 bringing various challenges to his state court conviction by a jury to kidnapping.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and opines that the respondent's motion for summary judgment[2] should be granted. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

The petitioner was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on June 7, 2012. The petitioner filed

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner responded to the motion.

timely objections to the Report.  Thus, this matter is ripe for review.

The Report recites the factual and procedural background giving rise to this action. Briefly, the petitioner was found guilty by a jury of kidnapping and was sentenced to Life imprisonment on May 22, 2003.  He filed a direct appeal of his conviction which the South Carolina Court of Appeals dismissed, with the remittitur issued on December 16, 2004. Petitioner did not seek rehearing before the Court of Appeals or certiorari to the South Carolina Supreme Court.

Petitioner then filed an application for post-conviction relief (PCR) on October 27, 2005, raising claims of ineffective assistance of counsel and "prejudicial inconsistent verdict."  The  application was dismissed by the PCR judge and an order was filed on October 6, 2009.

Thereafter, the petitioner filed a writ of certiorari with the South Carolina Supreme Court raising the issue of ineffective assistance of counsel when counsel allegedly failed to object to the solicitor's closing argument references to petitioner's crack cocaine use and that he was a criminal.  The Supreme Court denied the writ, with the remittitur returned on July 11, 2011.

In his present federal habeas petition, the petitioner raises one ground, contending as he did before the South Carolina Supreme Court, that his trial counsel failed to object to the solicitor's closing argument references which the petitioner contends were prejudicial.

In a § 2254 action, the standard of review to be applied is quite deferential to the rulings of the state courts.  Pursuant to the standards set forth in 28 U.S.C. § 2254, a federal court may not grant a writ of habeas corpus with respect to a claim adjudicated on the merits

2

in state court proceedings unless the state court's adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, 28 U.S.C. § 2254(d)(1); or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. § 2254(d)(2); *Burch v. Corcoran*, 273 F.3d 577,  583 (4th Cir. 2001).

The Supreme Court has explained that a State court adjudication is "contrary" to clearly established federal law, only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000).  An unreasonable application is different from an incorrect application of federal law, the former being the requisite showing. Therefore, this court may not issue the writ even if it concludes in its own independent review, that the relevant state court merely made an incorrect or erroneous application of the correct federal principles. *Id.*  Demonstrating that a state court's decision is unreasonable requires overcoming "a substantially higher threshold" than simply demonstrating error.  *Schriro v. Landigran*, 550 U.S. 465, 473 (2007) (citing *Williams,* 529 U.S. at 410). "When assessing the reasonableness of the state court's application of federal law, the federal courts are to review the result that the state court reached, not whether [its decision] [was] well reasoned." *Larry v. Branker*, 552 F.3d 356, 365 (4th Cir. 2009) (citing *Wilson v. Ozmint*, 352 F.3d 847, 855 (4th Cir. 2003)).

3

The respondent asserts that petitioner's claims should be dismissed as untimely depending on the operative date from when the South Carolina Supreme Court denied the petition for a writ of certiorari. The Magistrate Judge suggests that the petition is timely, and this court agrees.

*Ineffective Assistance of Counsel*

The PCR court noted petitioner's allegation that counsel was ineffective for failing to object to the Solicitor's closing argument and reviewed the matter under *Strickland v. Washington*, 466 U.S. 668 (1984). At the PCR evidentiary hearing, counsel indicated that he normally does not object during closing arguments and that he previously objected to the victim's testimony that the petitioner used crack, thus counsel asked the trial court for a curative instruction. The PCR court found that even if counsel's performance was deficient, the petitioner failed to prove the second prong of prejudice under *Strickland* and that the trial court properly instructed the jury that closing arguments were not be considered evidence in the case.

The Magistrate Judge opines that the PCR court's rejection of the petitioner's ground was not contrary to or involved an unreasonable application of clearly established federal law, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. This court agrees.

The court has carefully reviewed all of the objections made by the petitioner and has conducted the required *de novo* review. Having done so, the court determines that the Magistrate Judge's recommended disposition is correct. Accordingly, the objections, which are duplicative of the petitioner's original claims, are all overruled and the Report and

4

Recommendation is incorporated herein by reference.  The respondent's motion for summary judgment (ECF No. 22) is granted and the habeas petition is denied.

Because the defendant has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is denied.  28 U.S.C. § 2253(c)(2).[3]

IT IS SO ORDERED.

August 23, 2012                                         Joseph F. Anderson, Jr.
Columbia, South Carolina                       United States District Judge

---

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).